IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

    Plaintiff,

v.                                                                            OPINION and ORDER

CHIEF SAM WOLLIN, OFFICER SMITH,                  24-cv-230-jdp
and ADAMS POLICE DEPARTMENT,

    Defendants.

---

Plaintiff Randin Divelbiss, without counsel, alleges that City of Adams police officers fabricated allegations of disorderly conduct and impersonating a police officer and referred charges to the district attorney, resulting in him being prosecuted. The court has granted Divelbiss leave to proceed without prepayment of any portion of the filing fee.

This court cannot immediately consider his claims because they are intertwined with his ongoing state-court criminal case. Electronic state court records show that the criminal proceeding in which Divelbiss was charged is still ongoing. *See State v. Divelbiss*, Adams County Case No. 2021CM168.

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Divelbiss's claims related to his allegedly malicious prosecution would unduly interfere with his criminal proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Divelbiss may move to reopen this case after the conclusion of the state criminal proceedings, including

all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Divelbiss's criminal case results in a conviction, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Randin Divelbiss's state criminal proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered April 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge